IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00165

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) Plaintiff, ) ) ) v. ) ) PRUITTHEALTH - RALEIGH, LLC ) ) Defendant. ) _____ ) | **C O M P L A I N T** **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female/pregnancy), and to provide appropriate relief to Dominique L. Codrington, who was adversely affected by such unlawful practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that PruittHealth – Raleigh, LLC ("Defendant") subjected Codrington, to disparate treatment in violation of Title VII by refusing to accommodate her pregnancy-related lifting restriction, while accommodating other non-pregnant employees who were similar in their ability or inability to work. Because Defendant refused to accommodate Codrington and required her to involuntarily submit a resignation in lieu of termination, she was constructively discharged in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant continuously has been a Georgia corporation registered to conduct business in the State of North Carolina and continuously has been and is now doing business in the State of North Carolina and the City of Raleigh. At all relevant times, Defendant continuously has had at least 15 employees.

5. At all relevant times, Defendant continuously has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Dominique L. Codrington filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 by Defendant. Defendant responded to Codrington's charge and participated in all aspects of the Commission's administrative investigation.

7. On or about December 18, 2017, the Commission issued to Defendant a Letter of Determination on Codrington's charge, finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On or about January 29, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation. The Notice advised Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least October 2016, Defendant has engaged in unlawful employment practices at its Raleigh, North Carolina facility in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a), by refusing to accommodate the work restrictions of pregnant employees while accommodating the work restrictions of non-pregnant employees similar in their ability or inability to work. Codrington was affected by said unlawful employment practices.

12. Codrington began her employment with Defendant as a Certified Nursing Assistant ("CNA") on or about September 12, 2016.

13. On or about October 5, 2016, Codrington, who was pregnant at the time, provided Defendant's Staffing Coordinator with a doctor's note setting forth her due date and reflecting a lifting restriction of no more than 20 pounds during her pregnancy.

14. The Staffing Coordinator informed Codrington that Defendant does not accommodate pregnant employees with light duty, but rather, accommodates only employees who are injured on the job.

15. Codrington requested that she be allowed to continue working but only be required to work on the "memory unit" where residents are more independently mobile. However, Defendant rejected this request on the grounds that only workplace injuries are accommodated.

16. Codrington then requested a meeting with the Assistant Director of Nursing, who served as her immediate supervisor ("Supervisor"), and with Defendant's Human Resources Specialist ("HR Specialist"), to discuss her pregnancy-related lifting restriction. The meeting took place on October 7, 2016.

17. During the October 7, 2016 meeting, Codrington was asked how far along she was in her pregnancy and whether the lifting restriction would last until the end of her pregnancy. Codrington responded she was five months pregnant, and the lifting restriction would last throughout her pregnancy.

18. Supervisor and HR Specialist told Codrington that Defendant does not accommodate a restriction which is not related to a workplace injury.

19. During the October 7, 2016 meeting, Supervisor and HR Specialist informed Codrington that Defendant did not want her or her baby to be in danger or risk injury by continuing to work.

20. Codrington was told during the October 7, 2016 meeting that because her lifting restriction would last throughout her pregnancy, she could resign in lieu of termination and then reapply after her baby was born.

21. Defendant refused to accommodate Codrington's pregnancy-related lifting restriction.

22. Defendant forced Codrington to resign involuntarily because of her pregnancy-related lifting restriction.

23. At all times relevant, Defendant has had and continues to have a policy or practice of regularly accommodating non-pregnant employees who have work restrictions similar to Codrington's under circumstances in which the non-pregnant employees' restrictions are caused by on-the-job injuries. CNAs who are injured on the job are provided light or transitional duty or other job modifications under Defendant's policy or practice, but pregnant employees with similar restrictions are not provided light or transitional duty.

24. At all times relevant, Defendant failed to offer light duty or transitional duty to Codrington or other employees with pregnancy-related restrictions.

25. At all times relevant, Defendant had mechanical lifting devices and transfer belts available for employees, including CNAs, to lift patients.

26. At all times relevant, Defendant did not prohibit staff, including CNAs, from requesting assistance from co-workers to manually lift patients.

27. At all times relevant, Defendant's CNA job description provided that other nurses or aides were available to assist as needed when lifting heavier patients.

28. Defendant refused to accommodate Codrington's pregnancy-related lifting restriction and forced her to resign as a result of her pregnancy-related lifting restriction, all in violation of Title VII.

29. The effect of the conduct complained of above has been to deprive Codrington of equal employment opportunities and otherwise adversely affect her status as an employee because of sex (female), pregnancy or related medical conditions.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Codrington.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against individuals based on sex and specifically based on pregnancy or pregnancy-related conditions, including routinely denying pregnant women with work-restrictions the opportunity to work.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, including employees with pregnancy-related medical restrictions, to include offering light duty or transitional duty or other job accommodations, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Dominique L. Codrington whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rehiring Codrington, or providing front pay in lieu thereof.

D. Order Defendant to make Dominique L. Codrington whole by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Dominique L. Codrington whole by providing appropriate compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including emotional suffering, inconvenience, humiliation, pain, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Dominique L. Codrington punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This 18th day of April, 2018.

                Respectfully submitted,

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel
                Equal Employment Opportunity Commission
                131 M Street, NE
                Washington, D.C. 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
N.C. Bar No. 19732


YLDA M. KOPKA
Supervisory Trial Attorney


/s/ Stephanie H. Webster
STEPHANIE H. WEBSTER
Trial Attorney
N.C. Bar No. 12164
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6471
Facsimile: (704) 954-6412
Stephanie.Webster@eeoc.gov


ATTORNEYS FOR PLAINTIFF