IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:18-cv-00165-D |
| v. | ) ) | AMENDED CONSENT DECREE |
| PRUITTHEALTH – RALEIGH, LLC | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged PruittHealth – Raleigh, LLC violated Title VII by requiring Dominique L. Codrington (now known as Dominique Codrington Mandere and hereinafter referred to as Ms. Mandere or Dominique Codrington Mandere) to involuntarily resign in lieu of termination because of her sex, female (pregnancy) and by refusing to accommodate Ms. Mandere's medically imposed, pregnancy-related lifting restriction. Defendant denies that it has engaged in any unlawful discrimination or engaged in any other unlawful act and denies any liability in this action. Likewise, the Commission does not disavow the allegations in its

1

Complaint. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, or delay of further litigation.

The Commission, and the Defendant, PruittHealth – Raleigh, LLC (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

It is therefore the finding of this Court that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any female on the basis of sex (pregnancy) in violation of Title VII by:

   (a) Terminating her employment because of pregnancy;

   (b) Requiring her to resign in lieu of termination because of her pregnancy; or

   (c) Not providing the same opportunities and benefits to pregnant employees as provided to non-pregnant employees who are similarly limited in their ability or inability to work.

Nothing in this Consent Decree requires Defendant to provide preferential treatment to pregnant employees.

2. Defendant shall pay Dominique Codrington Mandere the sum of twenty-five thousand dollars ($25,000) (the "Settlement Payments") in settlement of the claims raised in this action. The Settlement Payments shall consist of one check representing backpay in the amount of $5,000 made payable to Dominique Codrington, minus applicable withholdings, and one check representing non-pecuniary compensatory damages/emotional distress in the amount of $20,000 made payable to Dominique Codrington Mandere. Payment shall be made within thirty (30) calendar days after the Court approves this Consent Decree, and Defendant shall mail the checks to Mandere at an address provided by the Commission. Within ten (10) business days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of their delivery to Mandere. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Mandere may or may not incur on such payments under local, state and/or federal law.

3. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the personnel file of Ms. Mandere any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2017-00144 and the related events that occurred thereafter, including this litigation. Within fifteen

(15) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

4. Defendant shall provide Mandere with a neutral letter of reference using the form attached hereto as **Exhibit A**. Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter shall be provided to Mandere at an address provided by the Commission. Mandere is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Dominique Codrington Mandere from a potential employer, it will provide only the information set forth in the letter of reference in response.

5. Defendant has in place an Equal Employment Opportunity policy which, among other anti-discrimination provisions, prohibits discrimination based upon sex and pregnancy, including childbirth and related medical conditions. Defendant shall maintain this policy or a substantially similar policy throughout the term of this Consent Decree. Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendant shall redistribute this policy to all current employees in its facility located at 2420 Lake Wheeler Road, Raleigh, NC 27603 (the "Raleigh Facility"). Within forty-five (45) business days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute this policy to all new employees at the Raleigh Facility upon hire.

4

6. Within one hundred (100) calendar days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal written policy in the Raleigh Facility, which shall include but not be limited to the following: A modified duty policy that provides the opportunity for modified duty for pregnant employees with medically imposed, pregnancy-related work restrictions on the same basis that such modified duty is provided to non-pregnant employees and who are similar in their ability or inability to work. Defendant shall maintain this policy throughout the term of this Consent Decree. Within one hundred (100) calendar days of the entry of this Consent Decree by the Court, Defendant shall distribute this policy to all current employees in the Raleigh Facility. Within one hundred and one (101) calendar days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute this policy to all new employees at the Raleigh Facility upon hire.

7. During the term of this Consent Decree, Defendant shall post a copy of the policies described in paragraphs 5 and 6, *supra*, in the Raleigh Facility in a place where they are visible to employees. If the policies become defaced or unreadable, Defendant shall replace them by posting another copy of the policies. Within forty-five (45) calendar days after the Consent Decree is entered, Defendant will post the policy described in paragraph 5 and notify the Commission within fifty (50) calendar

5

days that it has been posted. Further, within ninety-five (95) calendar days after the Consent Decree is entered, Defendant will post the policy described in paragraph 6 and notify the Commission within one hundred (100) calendar days that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers and supervisors who are employed in the Raleigh Facility. The training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, specifically, its requirement that employers not take adverse employment actions against an employee based on her pregnancy. The training program shall also include an explanation of Defendant's modified duty policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) calendar days after entry of this Consent Decree by the Court. The second training program shall be conducted approximately one year after the initial training program. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within

five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) calendar days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit B**, hereby made a part of this Consent Decree, in a place where it is visible to employees in the Raleigh Facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) calendar days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. the identities of all employees who have notified Defendant of their pregnancy or of whose pregnancy Defendant otherwise became aware, including by way of identification each person's name, address, telephone number, and position;
>
> B. for each employee identified in 10.A above, a statement indicating whether the individual sought modified duty based upon medically imposed, pregnancy-related work restrictions;

7

C. for each individual identified in 10.A above who sought modified duty, a statement regarding the basis for the modified duty request, whether modified duty was granted, if the modification was denied provide the reason for the denial, and the nature and duration of any job modifications that were made;

D. the identities of all non-pregnant employees who sought and/or were otherwise provided modified duty **and** provide a statement regarding the basis for the modified duty request, whether modified duty was granted, if the modification was denied provide the reason for the denial, and the nature and duration of any job modifications that were made;

E. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect since the time Defendant became aware of her pregnancy (for example, including but not limited to, termination, firing, demotion, promotion, or changed to part-time from full-time); and

F. for each individual whose employment status has changed as identified in 10.E. above, a statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of any individual identified in response to 10.A. within seventy-two (72) hours of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, without notice, inspect the premises for compliance with the posting and notice requirements set forth in this Consent Decree. Further, upon 72 hours' prior written notice, the Commission may inspect

8

Defendant's facility located at 2420 Lake Wheeler Road, Raleigh, North Carolina 27603, interview employees and examine and copy documents.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) calendar days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Jana Korhonen at jana.korhonen@ogletree.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) business days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A.

9

Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

SO ORDERED. This **25** day of July 2019.

JAMES C. DEVER III
United States District Judge